[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
December 15, 2005
THOMAS K. KAHN
CLERK

_____

No. 05-11772
Non-Argument Calendar
_____

D. C. Docket No. 04-00368-CR-T-26-TGW

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSE MARIA SANCHEZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(December 15, 2005)

Before ANDERSON,  BIRCH and DUBINA, Circuit Judges.

PER CURIAM:

Appellant Jose Maria Sanchez appeals his 135-month sentence for

possession with intent to distribute five kilograms or more of cocaine while on board a vessel subject to the jurisdiction of the United States, in violation of 46 App. U.S.C. § 1903(a) and (g), 18 U.S.C. § 2, and 21 U.S.C. § 960(b)(1)(B)(ii), and conspiracy to possess with intent to distribute five kilograms or more of cocaine while on board a vessel subject to the jurisdiction of the United States, in violation of 46 App. U.S.C. § 1903(a), (g), and (j) and 21 U.S.C. § 960(b)(1)(B)(ii). Sanchez argues two issues on appeal, namely, that (1) the district court clearly erred in denying Sanchez a minimal or minor role reduction, pursuant to U.S.S.G. § 3B1.2(b); and (2) the district court's imposition of a sentence of 135 months was unreasonable because the district court only considered one of the § 3553(a) factors, entitling Sanchez to re-sentencing under *United States v. Booker*, 543 U.S. __, 125 S. Ct. 738 (2005). We affirm.

## I.

Sanchez first argues that the district court erred in denying him a minor role adjustment because it improperly ruled that the large amount of cocaine involved in the offense precluded a minor role adjustment. Sanchez contends he should have been granted a minor role adjustment because he was only a crew member, he had no ownership interest in the cocaine, he was paid little compared to the cocaine's value, and there were more people involved in this offense than those

2

caught on the boat.

We have held that a district court's determination of a defendant's role in the offense is a finding of fact to be reviewed only for clear error.[1] *United States v. De Varon*, 175 F.3d 930, 934 (11th Cir. 1999) (*en banc*). The Guidelines allow a court to decrease a defendant's offense level by four points if the court finds the defendant was a minimal participant or by two points if the court finds the defendant was a minor participant. U.S.S.G. § 3B1.2(a) and (b). A defendant is a minimal participant if he is "plainly among the least culpable of those involved in the conduct of a group." § 3B1.2, comment. (n. 4). A defendant is a minor participant if he "is less culpable than most other participants, but whose role could not be described as minimal." § 3B1.2, comment. (n. 5).

The party seeking the downward adjustment bears the burden of establishing the defendant's role was minor by a preponderance of the evidence. *De Varon*, 175 F.3d at 939. In determining whether a mitigating role reduction is warranted, a district court examines: (1) the defendant's role against the relevant conduct for which he was held accountable, and (2) the defendant's role in comparison to the other participants. *Id.* at 940. When the relevant conduct attributed to a defendant

[1]This standard of review survives *Booker*. *See United States v. Crawford*, 407 F.3d 1174, 1178 (11th Cir. 2005) ("We agree with the Fifth Circuit that *Booker* does not alter our review of the application of the Guidelines.").

is identical to his actual conduct, he cannot prove that he is entitled to a minor-role adjustment simply by pointing to some broader criminal scheme for which he was not held accountable. *Id.* at 941.

We conclude that the district court's denial of a minor role adjustment is supported by the record under the applicable two-pronged analysis established in *De Varon*, 175 F.3d 930. Accordingly, the district court did not err in determining that Sanchez did not qualify for a minor role reduction.

II.

Sanchez also argues that his sentence was unreasonable because the district court did not adequately consider, elaborate on, or discuss all of the § 3553(a) factors, as required by the holding in *Booker*, 543 U.S. __, 125 S. Ct. 738. According to Sanchez, the district court only considered one factor, sentence disparity, and did not consider other § 3553 factors in determining Sanchez's sentence.

Under *Booker*, we review a defendant's ultimate sentence for "unreasonableness." 543 U.S. at ___, 125 S. Ct. at 765. Specifically, the United States Supreme Court has directed sentencing courts to consider the following factors in imposing sentences under the advisory Guidelines's scheme:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed

4

– (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the kinds of sentence and the sentencing range established . . . [from the Guidelines]; and (5) any pertinent policy statement . . .; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a); *Booker*, 125 S. Ct. at 765-66.

We clarified that we first evaluate, using pre-*Booker* precedent, whether the district court correctly interpreted and applied the Guidelines to determine the appropriate advisory Guideline range. *Crawford*, 407 F.3d at 1178-79. As we noted, "the district court remains obliged to 'consult' and 'take into account' the Guidelines in sentencing [the defendant]," and the "reasonableness" standard applies to the ultimate sentence imposed. *Id.* We have held that, "nothing in *Booker* or elsewhere requires the district court to state on the record that it has explicitly considered each of the § 3553(a) factors or to discuss each of the § 3553(a) factors." *United States v. Scott*, No. 05-11843, ___ F.3d ___ (11th Cir. Sept. 27, 2005). The § 3553(a) factors serve as guides for the district and appellate courts in determining whether a sentence is reasonable. *United States v. Winingear*, 422 F.3d 1241, 1246 (11th Cir. 2005). However, we have declined to

5

hold sentences within the Guideline range *per se* reasonable. *Id.*

We conclude that Sanchez's 135-month sentence is reasonable. As noted above, Sanchez's sentence was within the Guidelines range, one of the explicit § 3553(a) factors. 18 U.S.C. § 2553(a)(4). Further, the record shows the district court consulted the Guidelines and made an accurate computation of the Guidelines range. The district court also considered the other § 3553(a) factors and nothing in the record convinces us that the sentence was unreasonable in light of these factors.

Because we conclude that Sanchez's ultimate sentence was reasonable, we affirm.

**AFFIRMED**.